COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judge Humphreys, and Senior Judge Annunziata
Argued by teleconference

WILLIAM HOWARD ROBINSON

                                                    OPINION BY
v.        Record No. 0154-19-4          JUDGE ROBERT J. HUMPHREYS
                                                    JULY 7, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Kimberly A. Irving, Judge

Ché C. Rogers, for appellant.

Kelsey M. Bulger, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

On November 7, 2016, a grand jury indicted appellant William Howard Robinson

("Robinson") in the Circuit Court of Prince William County ("circuit court") on:  one count of

robbery, in violation of Code § 18.2-58; one count of use or display of a firearm in the

commission of a robbery, in violation of Code § 18.2-53.1; one count of abduction, in violation

of Code § 18.2-47; and three counts of grand larceny, in violation of Code § 18.2-95.  Following

a bench trial, Robinson was convicted of robbery, use or display of a firearm in the commission

of a robbery, abduction, and one count of grand larceny.  The circuit court subsequently

sentenced Robinson to a total of sixty-five years' imprisonment, with forty-four years and three

months suspended.  On appeal, Robinson argues that the circuit court erred in denying his

motion to sever the three counts of grand larceny from the other offenses.

## I.  BACKGROUND

On November 7, 2016, a grand jury indicted Robinson on three counts of grand larceny arising from one theft of a television from Sam's Club on April 5, 2016, and two thefts of televisions from H.H. Gregg and the same Sam's Club on April 14, 2016.  The grand jury also indicted Robinson on one count of robbery, use or display of a firearm in the commission of a robbery, and abduction arising out of incidents that occurred at a Shell gas station on April 15, 2016.

On July 30, 2018, the circuit court was scheduled to hold a jury trial.  Prior to the start of the trial, the Commonwealth Attorney noted that there was an outstanding motion to sever the offenses and hold separate trials.  Robinson's counsel responded that Robinson "wants to sever the grand larcenies from . . . the robbery charge."  As the circuit court tried to obtain a written copy of the motion, Robinson told the circuit court, "I've written to Ms. Jacqueline, the Clerk of Circuit Court to ask for those, ask for some motions, so that's probably what you might be looking at."

After briefly conferring with his counsel, Robinson agreed to waive his right to a jury trial, and, with the Commonwealth's consent, the circuit court released the jury.  The circuit court asked defense counsel, "[t]hen does that take care of the issue you were having with regard to severing since we do not have a jury?"  Defense counsel replied, "I think so, Judge.  We're ready to proceed."  The circuit court arraigned Robinson and took a recess for lunch.

Following the recess, defense counsel stated, "Judge my client is renewing the motion to separate these cases and I think that him and I might be at an impasse in going forward in this circumstance.  I don't think that's what we should do, but I'm just relaying to you what he's asking to do here." After the Commonwealth proffered a link between the two sets of offenses, the circuit court denied the motion to sever.  The circuit court subsequently found Robinson

guilty of robbery, use or display of a firearm in the commission of a robbery, abduction, and one count of grand larceny. This appeal follows.

## II. ANALYSIS

### A. Standard of Review

"The question whether an accused, pursuant to Rule 3A:10(c), can be tried in a single trial for all offenses then pending against that defendant is a matter resting within a [circuit] court's sound discretion." Cousett v. Commonwealth, 71 Va. App. 49, 57 (2019) (quoting Commonwealth v. Minor, 267 Va. 166, 172 (2004)). "Accordingly, '[t]he circuit court's decision to join offenses for trial is reviewed for abuse of discretion.'" Id. (alteration in original) (quoting Walker v. Commonwealth, 289 Va. 410, 415 (2015)). "A [circuit] court's interpretation and application of the Rules of the Supreme Court, however, presents a question of law that we review *de novo*." Id. However, before we can reach the issue of whether the circuit court erred in joining these offenses in a single trial, we must address whether the issue was properly before that Court and thus properly before us.

### B. Whether the Motion to Sever was Properly Made

Under our Anglo-American justice system of adversarial advocacy, certain fundamental matters must be the exclusive, but informed, decision of the defendant in a criminal case—the nature of the plea to be entered, whether to waive jury trial, whether to testify—and whether to waive certain constitutional guarantees such as the right to counsel. See Florida v. Nixon, 543 U.S. 175, 187 (2004). Other strategic and tactical decisions associated with representation, however, are the province and the ultimate responsibility of the attorney. Florida v. Nixon, 543 U.S. 175, 187 (2004); Va. Rules of Professional Conduct, Rule 1.2(a). "An attorney undoubtedly has a duty to consult with the client regarding 'important decisions,' including questions of overarching defense strategy." Id. (quoting Strickland v. Washington, 466 U.S. 668,

688 (1984)).  "That obligation, however, does not require counsel to obtain the defendant's consent to 'every tactical decision.'"  Id. (quoting Taylor v. Illinois, 484 U.S. 400, 417-18 (1988)); see also Va. Rules of Professional Conduct, Rule 1.2(a) (explaining that after the lawyer consults with the client as to the means to be used to achieve the client's objectives, "a lawyer is not required to . . . employ means simply because a client may wish that the lawyer do so").  "[T]he lawyer has—and must have—full authority to manage the conduct of the trial."  Taylor, 484 U.S. at 418.  "The adversary process could not function effectively if every tactical decision required client approval."  Id.

Whether to file a motion to sever offenses is a classic pre-trial tactical decision, at the core of managing the conduct of the trial, that must be left to the discretion of the lawyer if a defendant is not acting *pro se*.[1]  Allowing a represented defendant to independently file tactical motions such as a motion to sever would potentially undermine his counsel's trial strategy and tactics, and places the trial courts and the prosecution in the position of not knowing who is actually conducting the defense.  The resulting confusion places an undue burden on the defendant's counsel and interferes with counsel's ability and obligation to effectively represent his client, though it does not clearly waive that obligation.  Permitting preventable confusion in the adversary process undermines effective advocacy by the parties involved as well as administration of justice by the courts.

If a motion to sever the offenses is not made "with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of

---

[1] For example, under Virginia's sentencing guidelines there is often an advantage to a defendant in the computation of the guidelines sentencing range by disposing of multiple unrelated offenses in a single sentencing event.  See Nelson v. State, 691 S.E.2d 363, 366 (Ga. Ct. App. 2010) ("[T]he decision regarding whether to file a motion to sever is a matter of trial tactics and strategy.")

justice," the circuit court's joinder of offenses will not be considered as a basis for reversal. See Rule 5A:18.

Here, it is not clear from the record whether Robinson's counsel consulted with him on whether to file a motion to sever, but it is clear that his counsel did not agree that it was in Robinson's best interest to do so and indicated to the circuit court that no action on his client's written motion needed to be taken. Robinson's counsel was not required to pursue a motion to sever simply because Robinson so desired. Essentially, if Robinson and his defense counsel disagreed on the means used to achieve the ends of the representation, defense counsel had the responsibility to make the ultimate decision on the matter. If a defendant disagrees with the pre-trial tactical decisions of counsel, he can either retain new counsel or, if indigent, bring the matter to the attention of the court to consider the appointment of new counsel. Before Robinson was arraigned and the court took a lunch recess, his counsel effectively withdrew the motion to sever by agreeing that proceeding with a bench trial "t[ook] care of" the severance issue. After the recess, defense counsel informed the circuit court that Robinson wanted to renew the motion to sever.

Specifically, defense counsel stated, "Judge, *my client* is renewing the motion to separate these cases and I think that him [sic] and I might be at an impasse in going forward in this circumstance. *I don't think that's what we should do*, but I'm just relaying to you what he's asking to do here."

The posture of this issue in the circuit court at that point is that a represented defendant has asked to pursue a trial tactic that his counsel disagrees with and expressly does not advance on his client's behalf. Because the decision on whether to move to sever the offenses and seek separate trials was a tactical decision properly belonging to a trained and experienced attorney, and it is clear from the record that defense counsel did not move to sever the offenses, we cannot

- 5 -

say that the circuit court erred in denying a motion never properly made and argued.  We

therefore conclude that on appeal Robinson's assignment of error is procedurally defaulted.[2]

<u>Affirmed.</u>

---

[2] Because we conclude that this assignment of error is procedurally defaulted, we need not consider the application of this Court's recent decision in <u>Cousett v. Commonwealth</u>, 71 Va. App. 49 (2019), to the merits of it.